*In re* ESTATE OF IVY J. TRIMMER, Deceased.—MENNONITE HOSPITAL AS-SOCIATION *et al.*, Plaintiffs-Appellees, *v.* PEOPLES BANK OF BLOOMING-TON, as Executor and Trustee Under the Last Will and Testament of IVY J. TRIMMER, Deceased, *et al.*, Defendants-Appellees.—(THE PRES-BYTERIAN CHURCH OF LEXINGTON *et al.*, Defendants-Appellants.)

(No. 12788;

Fourth District—June 12, 1975.

Albert H. Hoopes, of Bloomington, for appellants.

Yoder, Yoder, Luedtke & Hartweg, of Bloomington, for appellees Mennonite Hospital *et al.*

Bach & Laudeman, Ltd., of Bloomington, for appellee Brokaw Hospital.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendants the Presbyterian Church of Lexington, Lexington, Illinois, the Christian Church of Lexington, Lexington, Illinois, and The Church of Christ, Uniting, Lexington, Illinois, appeal from the decree of the circuit court of McLean County ordering that all bequests under the will of Ivy J. Trimmer, deceased, to the Christian Church and the Presbyterian Church have lapsed and that the provisions in said will for the payment of certain trust income to the two churches from two parcels of real estate respectively are inoperative.

Ivy J. Trimmer died on May 9, 1971, leaving a last will and testament and codicil thereto which was duly admitted to probate. These documents can be summarized as follows:

(a) A 240-acre farm was left in trust with the income to be paid to the "Board of Management of The Presbyterian Church of Lexington, Illinois,

\* \* \*

In the event that The Presbyterian Church at Lexington, Illinois should dissolve or change its affiliation to some other church denomination, then the Trust as to my 240 acres of land shall continue but the income shall be paid into the hands of the Board of Education having charge of the public schools of Lexington, Illinois \* \* \*."

(b) An 80-acre farm was left to the same trustee with the income

to go to "the Board of Management of The Christian Church of Lexington, Illinois,

\* \* \*

In the event that The Christian Church at Lexington, Illinois should dissolve or change its affiliation to some other church denomination, then the trust as to said 80 acres shall cease and determine and title to said land shall then vest in fee simple in the Mennonite Hospital of Bloomington, Illinois, together with any funds from said trust in the hands of said Trustee."

(c) Each of the foregoing churches were left legacies in the sum of $500.

(d) The residue of the estate was left "share and share alike" to the foregoing churches as named, Mennonite Hospital of Bloomington, Illinois, and Brokaw Hospital in Normal, Illinois.

In a combined hearing on a petition to construe the will and the final account and report of the executor the circuit court of McLean County entered a decree ordering that the two hospitals take all property passing under the residuary clause of the will, that the bequests to the two churches lapsed and that the separate gifts of income from the farm land to the two churches were inoperative and further ordered that the income from the 240-acre farm be paid to the Board of Education of Lexington Community Unit No. 7 School District and that the income from the 80-acre farm be paid to the Mennonite Hospital of Bloomington.

The parties stipulate that the governing boards of the Lexington Presbyterian and Christian churches agreed that the question of whether the two churches should merge would be put to the congregations of the two churches and that for the proposition to carry would require the affirmative vote of two-thirds of those present at the meeting called for the purpose of voting on the question in each of the congregations. The boards also agreed that if the proposal was adopted, the denomination of the newly formed church would be designated by the Church Planning Commission of the Illinois Council of Churches.

The parties further stipulated that a de facto merger of the two churches occurred subsequently when more than two-thirds of the members of each of the respective congregations present at the respective meetings voted for the merger but that in neither of the churches did the proposal carry by the affirmative vote of two-thirds of the entire congregation. The Disciples of Christ, the denominational

affiliation of the Christian Church of Lexington was selected as that of the merged church and "The Church of Christ, Uniting" was chosen as its name. The Bloomington Presbytery of the United Presbyterian Church, of which the Presbyterian Church of Lexington was a part, adopted a resolution on October 8, 1970, dissolving the Lexington church for the purpose of the merger. The constituency of the merged church is substantially the same as was the combined membership of the two individual churches and the services take place in the building formerly used by the Presbyterian Church. The building used by the Christian Church has been razed. The pastor of the Church of Christ, Uniting, testified that he considered the merger as having occurred in September, 1970. He also stated that he understood that testatrix had been a lifelong member of the Presbyterian Church as had her mother and that her father had been a member of the Christian Church.

■■ The fundamental rule of testamentary construction is to ascertain the testators intention from the terms of the will itself (*Bradshaw v. Lewis*, 54 Ill.2d 304, 296 N.E.2d 747). Clearly no change of affiliation took place as far as the Christian Church of Lexington is concerned. No formal action of a higher church group decreed a dissolution, and no acts of the local church effected a dissolution. Since the order of worship of the same denomination continued, there was no reason to dissolve. We see no indication in the will that under these circumstances the testatrix would not have wanted the Church of Christ, Uniting, to have received the income from the 80-acre farm. Although the new church had a different name than the Christian Church of Lexington and met in a different building, since the new church had the same form of worship as the Christian Church it was a continuing entity devoted to the same purpose (In re *Estate of Fuller*, 10 Ill.App.3d 460, 294 N.E.2d 313) and fully capable of receiving the legacy and participating in the residue of the estate.

■■ The status of the Presbyterian Church of Lexington is more difficult to determine. It contends that it is still a viable entity because the churches in voting on the merger question failed to follow the requirements of the statute (Ill. Rev. Stat. 1973, ch. 32, par. 188(b)) requiring that for not-for-profit corporations to merge, the proposition must carry by the favorable vote of two-thirds of the outstanding members of each merging corporation; that prior to the vote 20 days' notice by mailing must be given to each member and that after merger a certificate shall be filed with the recorder of deeds in the appropriate county. It was stipulated that the vote did not carry by the amount purportedly required by the statute and that no such notice was given nor was any such certificate filed. The Presbytery, under Presbyterian Church law,

however, has the power to order local Presbyterian churches dissolved, and it is not the policy of the courts to interfere in such action even when rights of property are involved (*Lowe v. First Presbyterian Church,* 56 Ill.2d 404, 308 N.E.2d 801).

■■ Accordingly, the trial court was correct in considering that church to have dissolved. In any event, the affiliation had been changed. Thus the trial court correctly ruled that the gift to it of the income from the farm was "inoperative." The dissolution, however, was for the purpose of merger and the entity into which the local Presbyterian Church merged was one also having the purpose of Christian worship in Lexington of an order different from Presbyterianism but more compatible with it than that of most other denominations. Moreover, the denomination of the merged church was one which was shown on the face of the will to be an object of testatrix' bounty.

■■ In *Fuller,* this court held that a residuary gift to a not-for-profit corporation running a hospital did not fail when that corporation merged into a similar corporation that continued to operate that hospital together with another hospital. The rationale of the decision was that the successor corporation could accomplish the purpose of the gift. Note was taken there that the testatrix made no restrictions on her gift. Here the failure of testatrix to make restrictions on gifts of the specific legacy and residue is in contrast to her express desires that the gift of the farm income be defeated by a change of church affiliation. The implication being that she did not intend that a change of affiliation should necessarily negate these gifts. We, therefore, rule that the merged church is entitled to the specific legacy and residuary interest given by the will to the Presbyterian Church.

Accordingly, the part of the decree ordering that the gift of income from the 240-acre farm to the Presbyterian Church is inoperative and that the income be paid to the Board of Education of Lexington Community Unit No. 7 School District is affirmed and the balance of the decree is reversed. The cause is remanded to the Circuit Court of McLean County with directions that the decree be amended to provide that the income from the 80-acre farm and both $500 legacies in question be paid to The Church of Christ, Uniting, Lexington, Illinois, and that one-half of the property passing under the residuary clause of the will be distributed to that church.

Affirmed in part, reversed in part, and remanded with directions.

SIMKINS, P. J., and TRAPP, J., concur.